THE SAVANNAH, SKIDAWAY AND SEABOARD RAILROAD COMPANY, plaintiff in error, *vs.* THE COAST LINE RAILROAD COMPANY, defendant in error.

1. On December 20th, 1866, complainant was incorporated and authorized to construct a railroad from a point within the corporate limits of the city of Savannah, to the Isle of Hope and Skidaway Island, and to construct branch railroads, etc. On July 22d, 1868, the Mayor and City Council of Savannah passed an ordinance granting to complainant the exclusive right of way for ten years, and for such further time as the Legislature might grant, over all the streets in the city of Savannah (with certain exceptions,) for the purpose of connecting its line of railway with the streets of said city by horse railway cars, etc., and to construct a street railroad and such branches as may be necessary in and along said streets, etc. It was further declared by said ordinance that complainant should, within three years from the date thereof, have their street railway in running order through certain streets, on penalty of forfeiture of the franchise. On September 24th, 1868, the General Assembly passed an Act confirming to the complainant all the rights conferred on it by the aforesaid ordinance, and extending the enjoyment of the franchise to thirty years. On October 10th, 1868, the defendant was incorporated and authorized to construct a railroad from such point in the city of Savannah as might be authorized by the Mayor and Aldermen of said city to any point or points on Wilmington Island. This grant to the defendant to construct a railroad between the points designated in said Act, does not necessarily interfere with the complainant's franchise to use and operate horse railway cars in the streets of the city, for the purpose of connecting its line of railway with said streets.

2. Whether the complainant has performed the condition annexed to its grant so as to entitle it to the enjoyment of the exclusive franchise claimed, the evidence is conflicting; an injunction, therefore, should not be granted until the final hearing.

The Savannah, etc., Company *vs.* The Coast Line, etc., Company.

Injunction. Franchise. Corporations. Conditions. Street railroads.   Before Judge HANSELL.   Chatham county.   At Chambers.   November 5th, 1873.

For the facts of this case, see the decision.

GEORGE A. MERCER; HARTRIDGE & CHISOLM, for plaintiff in error.

JACKSON, LAWTON & BASINGER; RUFUS E. LESTER, for defendant.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, praying for an injunction to restrain it from laying down a horse railroad track in Broughton and Bolton streets in the city of Savannah.   On hearing the bill, answer of defendant, and the affidavits exhibited by the respective parties, the presiding Judge refused to grant the injunction prayed for, whereupon the complainant excepted.   On the 20th of December, 1866, the complainant was incorporated by an Act of the General Assembly, and authorized to construct and maintain a railroad for the transportation of produce, merchandise and passengers, from a point within the corporate limits of the city of Savannah, to the Isle of Hope and Skidaway Island, and to construct and maintain branch railroads beginning at such points on the main line, as the directors of said company may select, running to Montgomery and White Bluff.   By the 6th section of the Act, the said company were entitled to operate said railroad by steam or horse power, and have the exclusive use of the same for their cars, or other conveyances.   On the 22d of July, 1868, the Mayor and City Council of Savannah passed an ordinance, by which it is declared that the complainant should have the exclusive right of way for ten years, and for such further time as the Legislature of the State might grant, over all the streets in the city of Savannah, excepting such as are intersected by squares, and those less than forty-five feet wide, for the purpose of con-

necting their line of railway with the streets of the city, by horse railway cars, or carriages, and for transportation of passengers and their baggage, and to construct a street railroad, and such branches, etc., as may be necessary, in and along said streets, and to use, own, and operate the said road and cars for the full term aforesaid. It was further declared by said ordinance, that said company should, within three years from the date thereof, have their street railway in running order, through West Broad street, from Liberty to Bay, through Bay to East Broad, through East Broad to Gaston, and through Whitaker from Bay to Anderson, and through Drayton from Bay to Anderson, on penalty of forfeiture of this franchise. It was also declared by said ordinance that the tracks of said street railroad shall be laid down in the best and most approved mode of constructing street railways, and exempted the company from city taxation for four years from the date of the ordinance. On the 28th of September, 1868, the General Assembly passed an Act granting and confirming to the complainant all the rights, privileges and franchises conferred on it by the aforesaid ordinance of the City Council of Savannah, and extended the enjoyment of the franchise to thirty years, and also providing that the State should not have the power of withdrawing the franchise granted. On the 10th of October, 1868, the General Assembly passed an Act incorporating the defendant, and authorizing it to construct a railroad from such point in the city of Savannah as might be authorized by the Mayor and Aldermen of said city, to any point or points on Wilmington Island. This Act was amended in 1872, changing the name of the company, and authorizing the railroad to pass conveniently near the Cathedral and Bonaventure cemeteries, and to be extended therefrom to any other point or points on the coast of Chatham county.

1. It will be observed that the exclusive right claimed by the complainant under its charter, is to use and operate horse railroad cars in the streets of Savannah, for the purpose of connecting its line of railway with the streets of the city by

horse railway cars or carriages, whereas, the grant to the defendant's company, is to construct a railroad from a point in the city, to be designated by the Mayor and Aldermen, to Wilmington Island, or by the amended Act, to any other point on the coast of Chatham county. This grant to the defendant to construct a railroad between the points designated in the Act of the General Assembly, does not necessarily interfere with the complainant's franchise to use and operate horse railway cars in the streets of Savannah, for the purpose of *connecting* its line of railway with the streets of the city by horse railway cars or carriages. The General Assembly may have considered it for the interest of the public that a railroad should be constructed from some point in Savannah, to the coast, notwithstanding the grant to the complainant to use and operate horse railway cars in the streets of the city, in connection with its line of railway. The grant to the defendant is not to use and operate horse railroad cars in the streets of the city, but the grant to it is to construct a railroad from a point in the city to be designated, to Wilmington Island, or to any other point on the coast of Chatham county. The objects and purposes of the two grants are essentially different, and the grant to the one does not necessarily interfere with or impair the grant to the other. To construct a railroad under the grant to the defendant, between the points designated, is one thing—to construct a horse railway track in the streets of the city for the purpose of *connecting* its line of railway with the streets of the city, and use, own and operate the same under the grant to the complainant, is another and quite a different thing.

2. It is true, the City Council, by its ordinance of 28th of April, 1873, granted the right of way to the defendant for its line of railway between the points designated in its charter, over certain described streets in the city, on the terms and conditions therein specified, one of which was that the railroad to be constructed by the defendant on its line through the city, should be a single track horse railway. This ordinance was nothing more than a police regulation for the pro-

tection of the interests of the city, in the construction of the defendant's railroad under its charter, on its line from the point designated in the city to the coast. Besides, the grant of the exclusive franchise to the complainant over all the streets of the city, to use and operate horse railroad cars for the period of time specified, was granted on the *express condition* that it should, within three years from the date of the grant, have its street railway in running order through the streets designated in the Act containing the grant, and the complainant must be considered as having accepted it with the conditions annexed thereto. The ordinance of the City Council, of 29th March, 1871, extending the time, does not help the matter, because the City Council did not have the legal power or authority to alter or change the terms of a legislative grant made by the General Assembly of the State. The exclusive franchise claimed by the complainant, as well as the exemption from city taxation for four years, were privileges granted to it by the State on the expressed condition annexed to the grant, that it should, within three years from the date thereof, have its street railway in running order through the streets designated. Whether the complainant has performed the condition annexed to its grant, so as to entitle it to the enjoyment of the exclusive franchise claimed, the evidence in the record is conflicting. This is not a question of forfeiture of the complainant's charter, but it is a question of performance of the condition annexed to its grant, so as to entitle it to the enjoyment of the exclusive franchise which it claims. There can be no doubt that an exclusive franchise granted to a natural or artificial person, is a species of property which a Court of equity will protect, on a proper case being made. But when there is a reasonable doubt arising from the conflict of evidence, as to the complainant's right to the enjoyment of the exclusive franchise claimed under its charter, an injunction should not be granted until the final hearing of the cause. In view of the facts disclosed in the record before us, we find no error in refusing the injunction prayed for.

Let the judgment of the Court below be affirmed.